# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEAN DUBOSE,

    Plaintiff,

v.                                        Case No: 8:21-cv-1664-CEH-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

In this personal injury motor vehicle collision case in which the Plaintiff's vehicle was struck from behind by a mail truck operated by an employee of the United States Postal Service, Plaintiff, Dean Dubose moves for summary judgment in his favor regarding liability, vicarious liability, and the Government's affirmative defense number seven (Doc. 19). In the motion, Plaintiff requests the Court enter partial summary judgment in his favor on the issue of liability as it relates to the cause of this accident and Plaintiff's lack of comparative fault.  The Government filed a response in opposition (Doc. 32), and the Plaintiff replied (Doc. 35). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion for Summary Judgment Regarding Liability, Vicarious Liability, and Affirmative Defense Number Seven.

I. **BACKGROUND**[1]

    A. **Stipulated Facts**

On August 21, 2019, a collision occurred involving a United States Postal Service vehicle and a vehicle driven by Plaintiff Dean Dubose. Doc. 34 ¶ 1. The collision occurred on Unity Way N.W. in Winter Haven, Polk County, Florida, in the Middle District of Florida. *Id.* ¶ 2. An employee of the United States Postal Service named Yancey Robinson was driving the Postal Service vehicle. *Id.* ¶ 3. At the time of the collision, Robinson was acting within the course and scope of his employment with the United States Postal Service, and Robinson had permission to drive the United States Postal Service's vehicle. *Id.* ¶¶ 4, 5. Plaintiff has complied with all administrative prerequisites to filing this lawsuit. *Id.* ¶ 6.

    B. **Testimony of Yancey Robinson**

Yancey Robinson ("Robinson") has been employed with the United States Postal Service since December 2017. Doc. 19-3 at 25. At the time of the accident that is the subject of this litigation, he was working part-time as an assistant city carrier. He currently works full-time as a city carrier. *Id.*

The subject accident occurred August 21, 2019, at approximately 4:15 p.m. *Id.* Robinson was driving a post office mail truck. *Id.* He had finished his route for the day

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including declarations and exhibits, as well as the parties' Stipulation of Agreed Material Facts (Doc. 34). For purposes of summary judgment, the Court presents the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

2

and was headed back to the Florence Villa postal station. *Id.* at 26. Robinson was on the job and in the course and scope of his employment with the post office when the accident occurred. *Id.* The roads were dry, and Robinson had no passengers in his mail truck. *Id.*

Plaintiff was in a red F150 truck travelling east on Avenue M directly in front of Robinson's mail truck. *Id.* at 24, 27. Plaintiff turned left onto Unity Way. *Id.* at 27. Robinson let one car pass going westbound on Avenue M, and then he also turned left (north) onto Unity Way. *Id.* There was a little bit of traffic on Unity because school was getting out and the school zone light was on. *Id.* at 24. After turning left onto Unity, Robinson was traveling north on Unity Way at no more than 15 miles per hour. *Id.* at 27. He estimated that Plaintiff was travelling "[m]aybe 20. It wasn't that fast." *Id.* Plaintiff's vehicle was in front of Robinson's; a sedan was in front of Plaintiff's truck; and a Cadillac Escalade was in front of the sedan. *Id.* Robinson testified that the Cadillac, which was trying to turn left into Saint Joseph's parking lot, "smashed on [the] brakes" because a car was coming southbound on Unity and the Cadillac could not make its intended left turn into Saint Joseph's. *Id.* at 28. The sedan behind the Cadillac was able to stop without striking the Cadillac, and Plaintiff was able to stop his vehicle without hitting the sedan. *Id.* at 28. Robinson's mail truck was about two feet behind Plaintiff's truck when the Cadillac stopped and then Plaintiff stopped. *Id.* Plaintiff's vehicle was stopped for about ten seconds before Robinson struck it. *Id.* at 30. Robinson braked, but he was unable to stop in time to avoid the collision. *Id.* at

3

28, 30. Robinson estimates he was travelling 7 miles per hour when he struck the back of Plaintiff's truck. *Id.* at 28. He testified that he "slammed on the brakes," but he did not leave a skid mark. *Id.* at 30. Robinson stated that if he had been in a regular car he would have been able to stop, but because the mail trucks are front heavy, it was harder for him to stop. *Id.* He agreed that as a result he needed to leave more space between him and the vehicle in front of him, which he testified he thought he had left enough space. *Id.*

Robinson has driven this route many times. *Id.* at 29. He has seen vehicles pull in and out of Saint Joseph's parking lot in the afternoon. *Id.* Robinson acknowledged this is a place that one can expect drivers to slow down to turn into the parking lot. *Id.* And he can expect drivers to slow down to wait for vehicles to pass before turning into Saint Joseph's. *Id.*

Robinson further testified there were no problems with the brakes on his vehicle, no mechanical defect with the mail truck that contributed to the accident, and nothing mechanically that prohibited him from stopping in time. *Id.* at 31. Robinson had been driving this type of mail truck for the two years he was working as a mail carrier, and he was aware that these vehicles have a hard time coming to a stop. *Id.* at 33. Robinson was ticketed for the accident, and he paid the ticket. *Id.*

Robinson admitted he was at fault for the rear-end collision. *Id.* at 24. He testified there was nothing dangerous or unreasonable about Plaintiff stopping his

vehicle for the other traffic that had stopped. *Id.* at 25. He did not recall whether Plaintiff was wearing a seatbelt. *Id.* at 31.

### C. Procedural Background

Plaintiff filed suit against the Government on July 9, 2021, for injuries and damages arising out of the motor vehicle accident that occurred on August 21, 2019, when the mail truck driven by Yancey Robinson rear-ended Plaintiff's vehicle. Doc. 1. Plaintiff alleges that under the theory of vicarious liability, the Government is responsible for Robinson's negligence in causing the accident because Robinson was in the course and scope of his employment with the United States Post Office at the time of the accident. *Id.* ¶¶ 8–11. On September 20, 2021, the Government filed its Amended Answer and Affirmative Defenses. Doc. 8. The Government admitted that at the time of the accident Robinson was a federal employee operating a Postal Service vehicle in the scope of his federal employment. *Id.* ¶¶ 6, 7, 8. In its Answer, the Government raised nineteen affirmative defenses, including that Plaintiff was careless, reckless, or negligent in that he failed to exercise ordinary care, was inattentive to surrounding conditions, and failed to drive in accordance with all applicable laws of the State of Florida, which caused Plaintiff's alleged injuries. *Id.* at 7–8 (Seventh Affirmative Defense).

On December 20, 2022, Plaintiff filed this motion seeking partial summary judgment in his favor on the issues of liability, vicarious liability, and affirmative defense number seven (Plaintiff's comparative fault). Doc. 19. After several extensions to respond to the motion were granted, the Government filed its response on June 5,

2023, primarily attacking the credibility of Plaintiff and disputing causation of injuries and the amount of damages owed. The Government argues the entire case hinges on Plaintiff's credibility precluding partial summary judgment in Plaintiff's favor.

## II.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by

relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff seeks partial summary judgment in his favor on the issues of liability for causing the accident, the Government's vicarious liability for its employee Robinson's alleged negligence, and the comparative fault of Plaintiff as raised by the Government in its Seventh Affirmative Defense. The issues are addressed in turn below.

#### A. Liability

Plaintiff sues the Government for its employee Robinson's negligence in rear-ending Plaintiff's vehicle. Florida courts recognize a rebuttable presumption that the rear driver is the sole proximate cause of a rear-end collision. *See Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570 (Fla. 2001). In *Clampitt*, on a clear day, three vehicles were travelling southbound on a level stretch of two-lane roadway bordered by several commercial establishments. The lead vehicle towing a trailer slowed and began turning left into its business parking lot. The second vehicle, driven by the plaintiff Clampitt, braked but struck the back of the trailer. The third vehicle was a commercial tractor trailer rig operated by defendant's employee, who testified he had an unobstructed view of the vehicles ahead of him but that he did not see brake lights or a turn signal. The defendant's employee rear-ended Clampitt's vehicle. According to defendant's driver, Clampitt's vehicle came to a dead stop. The defendant's driver slammed on his brakes and struck Clampitt's vehicle from behind. The trial court granted summary

judgment in favor of Clampitt on the issue of fault, and the case proceeded to trial on damages. The appellate court reversed the trial court's summary judgment on the issue of liability ruling that the defendant driver's testimony that Clampitt came to an abrupt stop was enough to overcome the presumption. In reversing the district court of appeal, the Supreme Court reiterated the well-settled principle that "a sudden stop, without more, is insufficient to overcome the presumption of negligence." 786 So. 2d at 575. Quoting the Fifth District Court of Appeal, the Florida Supreme Court states:

> It is not merely an "abrupt stop" by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. It is a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates the factual issue.

*Id.* at 574 (quoting *Pierce v. Progressive Amer. Ins. Co.*, 582 So. 2d 712, 714 (Fla. 5th DCA 1991)). Thus, the issue, as framed by the Florida Supreme Court is whether a defendant can present evidence that fairly and reasonably tends to show the defendant driver was not negligent in colliding with the plaintiff's vehicle. *Clampitt*, 786 So. 2d at 575. If the defendant fails to satisfy its burden to come forward with such evidence, then summary judgment in favor of the plaintiff on the issue of liability is warranted.

Here, the Government fails to come forward with evidence to overcome the presumption that its employee driver was the sole proximate cause of this rear-end collision. Robinson admitted fault for causing the collision. He knew that his vehicle was front-heavy and took longer to stop when braking. He testified there was nothing unreasonable or dangerous about Plaintiff's driving. He has seen vehicles pull in and

out of Saint Joseph's parking lot in the afternoon and acknowledged this is a place that one can expect drivers to slow down to turn into the parking lot.

In response to Plaintiff's motion for summary judgment, the Government admits that Robinson "bumped into the rear of a car that Plaintiff was driving." Doc. 32 at 2. To combat the summary judgment motion, the Government points to Plaintiff's multiple criminal convictions as evidence of Plaintiff's purported untrustworthiness. Otherwise, the totality of the response is a challenge to the evidence related to Plaintiff's claimed injuries.

The Government argues that issues of disputed fact remain as to liability because the issue of causation is in dispute. Specifically, the Government contends Plaintiff's credibility is at issue regarding the extent of his injuries and whether his injuries were caused by this accident. The Government also contends the Plaintiff must use expert testimony to establish causation where the injuries are not readily observable. The Government's arguments conflate the issue of liability, that is, who was at fault for causing this accident, with the issue of causation of injuries, that is, whether the accident caused Plaintiff's injuries and the extent of those injuries. Plaintiff's motion seeks partial summary judgment in his favor as to liability for causing the accident, not as to the issue of causation of injuries or damages. The presumption of negligence that attaches to the rear driver in a rear-end collision "bears only upon the causal negligence of the rear driver." *Clampitt*, 786 So. 2d at 573. And here, where the Government has failed to come forward with evidence that fairly and reasonably tends to show that the presumption of negligence on Robinson is

9

misplaced, then partial summary judgment in favor of the Plaintiff on the issue of liability is warranted.

### B. Vicarious Liability

Under the Federal Tort Claims Act, the United States can be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This includes liability "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Under Florida law, "an employee's conduct is within the scope of his employment only if it is the kind he is employed to perform, it occurs substantially within the time and space limits of the employment and it was activated at least in part by a purpose to serve the master." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990) (quoting *Rabideau v. State*, 391 So.2d 283 (Fla. 1st DCA 1980), *aff'd*, 409 So.2d 1045 (Fla. 1982). At the time of the accident, Robinson was driving the mail truck back to the station after having finished his route, which is the type of activity he was employed to perform, and the accident occurred while he was still in the course of his employment. The testimony of Robinson indicates he was in the course and scope of his employment when the accident occurred. *See* Doc. 19-3 at 23–37. The Government does not dispute Robinson is an employee or that he was in the course and scope of

10

his employment with the Government when the accident with Plaintiff occurred. Doc. 34 ¶¶ 4, 5. Under Rule 56, the Court "may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Because there is no genuine dispute of material fact that Yancey Robinson was employed with the Government on the date of the accident and that Robinson was in the course and scope of his employment with the Government when the accident occurred, Plaintiff is entitled to partial summary judgment as to the Government's vicarious liability for the acts and omissions of its employee Yancey Robinson in causing the accident involving Plaintiff.

    **C.    Comparative Fault**

In its Seventh Affirmative Defense, the Government contends that Plaintiff was himself negligent and/or reckless in causing the subject accident. Under Florida's comparative fault statute, "[i]n a negligence action, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery," unless the claimant is found to be greater than 50 percent at fault. Fla. Stat. § 768.81(2). While the Government challenges Plaintiff's truthfulness regarding his claimed injuries and his overall credibility due to his criminal convictions and subsequent automobile accident, the Government offers no evidence or factual support that Plaintiff was negligent in operating his motor vehicle on the date of the accident with Robinson.

Robinson admitted he was at fault for the rear-end collision, and he testified there was nothing dangerous or unreasonable about Plaintiff stopping his vehicle for the other traffic that had stopped. Plaintiff was able to stop his vehicle for traffic that stopped in front of him, but Robinson was unable to stop his mail truck from striking the rear of Plaintiff's truck. As discussed above, Plaintiff is entitled to a presumption because this was a rear-end collision. The Government has come forward with no evidence to overcome this presumption. While there is a dispute as to Plaintiff's damages and whether they were caused by the accident, the Government has failed to proffer evidence that Plaintiff was at fault for causing or contributing to this accident.

The Government argues that the issue of a plaintiff's contributory negligence should be decided by the trier of fact. The Government further argues that "[w]hat happened during the crash and the circumstances of how the crash happened, including the speed of the cars, placement of Plaintiff on impact, etc.," make Plaintiff's contributory negligence a disputed fact precluding summary judgment. Doc. 32 at 7. But, the Government fails to direct the Court to any facts showing that Plaintiff did anything wrong to cause this accident. If a party fails to address another party's assertion of fact, the Court may "consider the fact undisputed for purposes of the [summary judgment] motion." Fed. R. Civ. P. 56(e)(2). The Government has not come forward with any expert testimony, accident reconstructionist, eyewitness testimony, or any other evidence to show Plaintiff was at fault for causing or contributing to this accident happening. To the contrary, its own employee Robinson testified that he was at fault for the collision and there was nothing dangerous or

unreasonable about Plaintiff's stop. In fact, Robinson testified it was not uncommon for vehicles to be stopping in that area where cars were turning into Saint Joseph's parking lot. Therefore, there is no disputed issue of material fact as to Plaintiff's comparative fault. There is no record evidence before the Court that Plaintiff contributed to causing the subject accident. Plaintiff is entitled to partial summary judgment on the Government's Seventh Affirmative Defense of comparative fault.

For the reasons above, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Summary Judgment Regarding Liability, Vicarious Liability, and Affirmative Defense Number Seven (Doc. 19) is **GRANTED.** As set forth, above, no issues of material fact exist as to liability for the automobile accident, Defendant's vicarious liability, and Plaintiff's comparative fault. Accordingly, Plaintiff is entitled to partial summary judgment on these issues.

2. The issues of causation of injuries and the amount of damages, if any, will proceed to bench trial during the Court's January 2024 trial term.

**DONE AND ORDERED** in Tampa, Florida on September 12, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any